IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH F. SANDOVAL,

    Plaintiff,

vs.                                                                             No. 20-cv-248 WJ-CG

HON. MATTHEW CHANDLER, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated and proceeding *in forma pauperis*. He seeks damages under 42 U.S.C. § 1983 on the grounds that a state judge revoked his probation. Having reviewed the Complaint *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes the claims fail as a matter of law and will dismiss this case with prejudice.

## BACKGROUND

This matter arises from Plaintiff's state criminal prosecution for forgery. Hon. Matthew Chandler presided over that case in New Mexico's Ninth Judicial District Court, Case No. D-905-CR-2017-00438. Plaintiff alleges "Judge Chandler sent [him] to prison without a charge in 2018." *See* Doc. 1 at 4. The state court docket, which is subject to judicial notice, gives context to this allegation. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Federal courts may take "judicial notice of the state-court docket sheet"). The state docket reflects that Judge Chandler presided over Plaintiff's criminal trial in 2018, where he was convicted of forgery. *See* Verdict in Case No. D-905-CR-2017-00438. Judge Chandler initially placed Plaintiff on

supervised probation for two and a half years.  *See* Judgment in Case No. D-905-CR-2017-00438.

In September of 2018, the State moved to revoke Plaintiff's probation after he allegedly used a controlled substance and failed to report to his probation officer or follow instructions.  *See* Mnt to Revoke in D-905-CR-2017-00438; Plaintiff's Appellate Brief in S-1-SC-37949.  The State also filed a separate criminal complaint based on the use or possession of drug paraphernalia, Case No. M-12-MR-2018-00474.  In December of 2018 - before the paraphernalia charge went to trial - Judge Chandler revoked Plaintiff's probation in the forgery case.  *See* Order in D-905-CR-2017-00438.  Plaintiff was acquitted of the paraphernalia charge about a month later, on January 22, 2019.  *See* Doc. 1 at 5; Verdict in M-12-MR-2018-00474.  He then appealed the revocation order in the forgery case, arguing the revocation was invalid because he was acquitted of the underlying drug violation.  The New Mexico Court of Appeals affirmed the revocation order, finding that "conviction of a subsequent offense is not a prerequisite for revocation of probation." Memorandum Opinion in A-1-CA-38001.  The New Mexico Supreme Court then denied certiorari relief.  *See* Order in S-1-SC-37949.

Based on this history, the instant Complaint raises 42 U.S.C. § 1983 claims for due process violations and cruel and unusual punishment.  *See* Doc. 1 at 3.  Plaintiff alleges Judge Chandler "kn[e]w [he] was acquitted [of the paraphernalia charge] and still sen[t] him to prison" for a probation violation.  *Id.*  Plaintiff allegedly suffered post-traumatic stress disorder and depression because he missed family graduations and birthdays while incarcerated.  He further alleges the New Mexico Department of Corrections (NMDOC) placed him in a level 3 facility, even though he qualified for a level 1 facility.  *Id.*  Plaintiff seeks at least $200,000 in damages, plus an additional $3,500 for every day of his incarceration, from four Defendants: (1) Judge Chandler; (2) NMDOC; (3) the City of Clovis, and the New Mexico Probation and Parole Board.  *Id.* at 2.

He may also seek damages from Probation Officers Morgan and Lucero, who were involved in his revocation proceeding. *Id.* Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e); *Brown v. Eppler*, 725 F.3d 1221, 1230 (10th Cir. 2013) (The PLRA applies to individuals who are incarcerated at the time of filing). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## DISCUSSION

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each defendant, through their own actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). Judge Chandler is the only person involved in the alleged wrongdoing. The crux of the Complaint is that he revoked Plaintiff's probation in the forgery case even though Plaintiff was acquitted of one of the underlying violations (*i.e.,* possessing drug paraphernalia). Accepting these allegations as true, there is no basis for relief under § 1983. Judges are immune from civil rights claims based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a state district judge, Chandler clearly had jurisdiction over the revocation proceeding. Consequently, the claims against Judge Chandler fail as a matter of law.

As to the remaining Defendants, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's request to be compensated for each day of his incarceration, which he believes is invalid, necessarily attacks the revocation judgment. *See e.g., Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging

violations of ... constitutional rights by ... the deputy district attorney who prosecuted [plaintiff] and the district court judge who presided in his case").  The Court finally notes that to the extent Plaintiff sues NMDOC for placing him in a level 3 facility, this claim also fails.  NMDOC is "not [a] ... 'person' subject to suit under § 1983."  *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999).          For these reasons, the Complaint fails to state a claim upon which relief can be granted.  The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## THE COURT DECLINES TO *SUA SPONTE* INVITE AN AMENDMENT

Having determined the Complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings.  *Id.*  However, courts need not invite an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Amending the instant Complaint would be futile.  As a matter of law, Plaintiff cannot recover damages from the parties responsible for his revocation proceeding and incarceration.  Challenges to a state conviction and sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Moreover, the request for nonmonetary relief (*i.e.,* that each Defendant be reported to the State Bar) is frivolous.  The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE